IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ESTATE OF JESUS SERRANO,

    Plaintiff,

v.

NEW PRIME, INC., d/b/a/
PRIME, INC.,

    Defendants.

CIVIL ACTION NO.

1:11-cv-01250-JEC

**OPINION & ORDER**

This case is before the Court on defendant's Motion for Summary Judgment [22]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion for Summary Judgment [22] should be **DENIED**.

**BACKGROUND**

Plaintiff represents the estate of Jesus Serrano, who died on the early morning of August 22, 2010 while walking on I-75 North near Cartersville, Georgia. (Compl. [1].) Serrano spent the evening before the accident drinking beer with his friends Andres Cruz and Richard Spooner at a car shop located directly adjacent to I-75. (Cruz Dep. [24] at 10-13.) He left the shop some time between 1:00 and 3:00 in the morning, having consumed between 10 and 15 beers. (*Id*. at 13, 16-18 and Spooner Dep. [25] at 8, 10-11.) At the time,

Serrano appeared to be intoxicated and was slurring his words. (Cruz Dep. at 16-18 and Spooner Dep. at 8, 11.) No one knows where Serrano was going or what he intended to do when he left the shop, but he appears to have spent the next several hours walking aimlessly around and on I-75. (Spooner Dep. at 11 and Alberto Jose Serrano Vera Dep. [28] at 21.)

Around 5:45 that morning, Larry Hendrix was traveling on I-75 North near Cartersville when his vehicle collided with Serrano. (Hendrix Dep. [23] at 14-15.) On this part of I-75, the interstate had three lanes and a shoulder on the right side. (*Id.* at 12-13, 21.) Hendrix was driving approximately 65 miles per hour in the far right lane when he hit Serrano. (*Id.* at 12-13, 15) The collision occurred in the middle of the far right lane. (*Id.* at 14-15.) Although Hendrix pressed his brakes the moment he saw Serrano, it was too late to avoid hitting him. (*Id.* at 15.)

Following the collision, Hendrix pulled to the right shoulder of the interstate and activated his hazard lights. (Hendrix Dep. [23] at 16.) He got a flashlight and a cell phone from his car and rushed back to the site of the collision, where he saw Serrano lying in the center lane of I-75 moaning and gesturing with his arm. (*Id.* at 16-17, 44.) Hendrix grabbed Serrano's hand and tried to drag him out of the road and onto the shoulder. (*Id.* at 17, 23.) While Hendrix was struggling with Serrano, a truck approached that appeared to be

heading right for Hendrix and Serrano. (*Id.* at 17.) Hendrix dropped Serrano's hand and used his flashlight to signal the truck to avoid the center lane. (*Id.* at 17.) His effort was successful, and the truck moved into the left lane and continued past without harming Hendrix or Serrano. (Hendrix Dep. [23] at 17.)

Shortly thereafter, Hendrix was again interrupted in his effort to move Serrano when a truck operated by defendant (the "Prime truck") approached. (*Id.* at 18.) Hendrix attempted to use his flashlight to divert the oncoming Prime truck, but the truck did not move into the left lane. (*Id.* at 18.) Ultimately Hendrix was forced to abandon Serrano and flee to the shoulder, leaving Serrano near the divide between the middle and right hand lanes. (*Id.* at 23-24.) Despite his evasive maneuver, the Prime truck hit Hendrix, knocking him into a grassy area near the shoulder and seriously injuring both of his knees. (*Id.* at 18, 27, 31.) Serrano showed no further signs of life after the Prime truck passed. (Hendrix Dep. [23] at 18.)

Plaintiff has brought this action to recover for Serrano's alleged wrongful death. (Compl. [1] at ¶¶ 1, 3.) The complaint asserts a claim for common law negligence and a claim for negligence per se under O.C.G.A. § 40-6-93, which is a statute defining the duty of care that drivers owe to pedestrians on the highway. (*Id.* at ¶¶ 13-23.) Defendant has filed a motion for summary judgment on both claims, which is now before the Court. (Def.'s Mot. for Summ. J.

[22].)

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249-50. An issue is not genuine if it is unsupported by evidence, or if it is supported by evidence that is "merely colorable" or "not significantly probative." *Id.*

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an

4

essential element of the non-moving party's case necessarily renders all other facts immaterial.  *Id*. at 322-23 (quoting FED. R. CIV. P. 56(c)).

The movant bears the initial responsibility of asserting the basis for his motion.  *Id.* at 323.  However, the movant is not required to negate his opponent's claim.  The movant may discharge his burden by merely "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the non[-]moving party's case."  *Id*. at 325.  After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id*. at 324.  While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  *Anderson*, 477 U.S. at 247-48 (1986).  The requirement is that there be "no *genuine* issue of *material* fact."  *Id.*

## II.   COMMON LAW NEGLIGENCE

Georgia law applies to this diversity action.  *See Grupo Televisa, S.A. v. Telemundo Commc'n Grp., Inc.,* 485 F.3d 1233, 1240 (11th Cir. 2007)(a federal court sitting in diversity applies the conflicts rules of its forum state to determine which state law

applies) and *Bagnell v. Ford Motor Co.*, 297 Ga. App. 835, 836 (2009)("Under lex loci delicti, tort cases are governed by the substantive law of the state where the tort or wrong occurred"). Under Georgia law, the essential elements of a claim for common law negligence are: (1) the existence of a legal duty, (2) breach of that duty, (3) a causal connection between defendant's conduct and plaintiff's injury, and (4) damages. *Seymour Elec. & Air Conditioning Serv., Inc. v. Statom*, 309 Ga. App. 677, 679 (2011). Defendant does not dispute that its driver owed a duty of ordinary care to Serrano, whether under the common law duty of all drivers to other users of the road or under O.C.G.A. § 40-6-93. (Def.'s Reply [33] at 6.) However, defendant argues that there is insufficient evidence of either a breach of duty or of causation to send the case to a jury. (Def.'s Br. [22] at 1-2.) Defendant further contends that the avoidable consequences doctrine shields it from liability. (*Id.* at 2.)

### A. Evidence of a Breach

To survive defendant's summary judgment motion, plaintiff must put forward some evidence of defendant's negligence. *See Hunsucker v. Belford*, 304 Ga. App. 200, 202 (2010) ("'Negligence is not to be presumed, but is a matter for affirmative proof.'")(quoting *Purvis v. Steve*, 284 Ga. App. 116, 118 (2007)). Contrary to defendant's argument, plaintiff in this case has satisfied that requirement.

6

Hendrix's testimony shows that he successfully diverted a prior truck, supporting an inference that the Prime driver could and should have similarly avoided hitting Hendrix and Serrano. (Hendrix Dep. [23] at 17.) Additionally, it is undisputed that Hendrix's car was parked on the shoulder of the road with its hazard lights on and that Hendrix flashed a light in the direction of the Prime truck, both of which should have warned the Prime driver that a dangerous condition existed on the road. (*Id.* at 16, 25.) That the Prime truck ultimately collided not only with Hendrix, but also with Hendrix's stationary car, suggests the driver may have been negligent in its response to the warning. (*Id.* at 28.)

To be sure, there also is evidence that the Prime driver was *not* negligent. The road was dark at the time of the collision, which might have made it difficult to see Serrano and Hendrix. (*Id.* at 29-30.) Also, Hendrix acknowledged that after he waved the flashlight, the Prime truck began heading toward the right side of the highway and might have been heeding Hendrix's warnings, albeit too late and in the wrong direction. (*Id.* at 19, 26-27.) Given these facts, the evidence is simply not sufficiently clear for the Court to summarily decide that there was no breach of duty in this case. *See Baker v. Harcon, Inc.*, 303 Ga. App. 749, 752 (2010)(a summary decision on the issue of negligence is only appropriate when the evidence is "plain, palpable, and undisputable.").

7

**B.   Causation**

To establish causation, plaintiff must prove that defendant's negligence was "both the 'cause in fact' and the 'proximate cause' of [Serrano's] injury." *Atlanta Obstetrics & Gynecology Grp., P.A. v. Coleman*, 260 Ga. 569, 569 (1990). Defendant has two theories as to why plaintiff has failed to raise a genuine issue of material fact regarding the cause of Serrano's death, both of which address the "cause in fact" requirement. (Def.'s Br. [22] at 14 and Reply [33] at 4-6.) Defendant's first theory is that plaintiff has failed to present any evidence that defendant's truck hit Serrano. (*Id.*) Its second theory is that even if defendant's truck hit Serrano, Serrano would have likely died anyway. (*Id.*) Neither theory is persuasive.

1.   <u>Whether Defendant's Truck Hit Plaintiff</u>

To withstand defendant's motion, plaintiff need not produce evidence definitively showing that defendant's truck hit Serrano. *Pafford v. Biomet*, 264 Ga. 540, 543 (1994) (the "appellant did *not* have to produce specific *conclusive* evidence that a particular defendant produced the plate" in order to avoid summary judgment)(emphasis in original). Rather, plaintiff must simply produce evidence that can support a "reasonable inference" of that fact. *Patrick v. Macon Hous. Auth.*, 250 Ga. App. 806, 809 (2001) (a reasonable inference cannot be based on "mere possibility, conjecture, or speculation").

8

Again, the evidence produced by plaintiff in this case meets the above requirement.  Hendrix testified that the short amount of time between when Serrano was moaning and gesturing with his arm and when he exhibited no signs of life coincided precisely with the Prime truck's arrival on the scene.  (Hendrix Dep. [23] at 18.)  While this evidence is circumstantial, it is adequate to support a reasonable inference that the Prime truck hit Serrano, especially where defendant has provided no conflicting evidence. *See Dawkins v. Doe*, 263 Ga. App. 737, 739 (2003) (circumstantial evidence is acceptable but "must be sufficient to raise a reasonable inference" as to causation) and *Shepherd v. Holmes*, 184 Ga. App. 648, 649 (1987) (circumstantial evidence may raise a reasonable inference where it is "unrebutted by positive evidence").

   2.   Serrano's Condition at the Time of Impact

Assuming the Prime truck hit Serrano, defendant theorizes that Serrano's previous impact with Hendrix's car, as much as any negligence on the part of the Prime driver, caused Serrano's death. (Def.'s Reply [33] at 5.)  In addition, defendant points to statements from Hendrix's 911 call referencing a third, unaccounted-for vehicle that might have struck Serrano and indicating that Hendrix feared Serrano was dead prior to the Prime truck's arrival. (Hendrix Dep. [23] at 38 and Ex. 3.)  According to defendant, this evidence suggests that Serrano might have died from injuries

9

inflicted by Hendrix or by another vehicle, and so precludes plaintiff from showing that the Prime truck was the cause-in-fact of Serrano's death. (Defs.' Reply [33] at 4-5.)

Of course, defendant is correct that it cannot be held liable for Serrano's death if he was already dead when the Prime truck arrived at the scene or if his death can be attributed to Hendrix or another unidentified driver. *See Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 684 (N.D. Ga. 1993)("Under Georgia law, '[i]f an injury would have occurred notwithstanding the alleged acts of negligence on the part of the defendant, there could be no recovery...'")(quoting *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 523 (1984)). However, Hendrix unequivocally testified that Serrano moaned and raised his arm when he first encountered him, but that he made no more movements after the Prime truck passed. (Hendrix Dep. [23] at 17-18.) Hendrix's testimony suggests that Serrano was alive prior to the alleged collision with Prime truck, and that the truck's impact delivered the decisive, lethal blow. That Prime's truck hastened what might have happened anyway does not mean that it was not a cause-in-fact of Serrano's death. *See Delson v. Georgia Dep't of Transp.*, 295 Ga. App. 84, 89 (2008)(explaining that concurrent acts of negligence can combine to produce a single injury).

Neither do Hendrix's statements to the 911 operator negate the

10

clear import of his deposition testimony.  Regardless of whether a third unaccounted for vehicle struck Serrano at some point, Hendrix's recollection of the accident suggests that Serrano's impact with the Prime truck is what caused his death.  (Hendrix Dep. [23] at 16-17.) As to his statement that he feared Serrano was dead, Hendrix might have made this comment in haste and only realized Serrano's true condition upon seeing him up close.  (*Id.* at 3.)  Hendrix specifically stated in his deposition that Serrano showed signs of life immediately prior to the Prime's truck's arrival.  (*Id*. at 17.)

**C.   Avoidable Consequences and Comparative Negligence**

Finally, defendant argues that Serrano's own negligence precludes liability whether or not Prime's driver was negligent. (Def.'s Br. [22] at 16.)  In support of this argument, defendant cites the avoidable consequences doctrine.  (*Id.*)  That doctrine is codified in O.C.G.A. § 51-11-7, which provides:

> If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover.  In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained.

O.C.G.A. § 51-11-7.  *See also Weston v. Dun Transp. & Stringer, Inc.*, 304 Ga. App. 84, 87 (2010)("Under this doctrine, the plaintiff's negligence in failing to avoid the consequences of the defendant's negligence is deemed the sole proximate cause of the injuries sustained and, therefore, is a complete bar to recovery, unless the

11

defendant wilfully and wantonly inflicted the injuries.").

Georgia law classifies the avoidable consequences doctrine as an affirmative defense to a tort action. *See* O.C.G.A. § 51-11 (titled "Defenses to Tort Actions"). "As with other affirmative defenses, the defendant has the burden of proving . . . that the plaintiff by ordinary care could have avoided the consequences to himself or herself caused by the defendant's negligence." *Weston*, 304 Ga. App. at 87-88. Application of the doctrine is usually reserved for the jury, unless plaintiff's "knowledge of the risk is clear and palpable." *Id.* at 88 (quoting *Lowery's Tavern, Inc. v. Dudukovich*, 234 Ga. App. 687, 690 (1998)).

Based on the plain language of O.C.G.A. § 51-11-7 and case law interpreting it, the avoidable consequences doctrine applies only where a defendant's negligence becomes or should have become apparent to the plaintiff. *See* O.C.G.A. § 51-11-7 and *Weston,* 304 Ga. App. at 88 (emphasizing plaintiff's "knowledge" of the risk in the avoidable consequences analysis). Stated another way, a plaintiff's duty to avoid the consequences of a defendant's negligence "does not arise until the defendant's negligence exists, and the plaintiff knew, or in the exercise of ordinary care should have known of such negligence." *Newman v. Collins*, 186 Ga. App. 595, 596-97 (1988)("the 'should have known' aspect of plaintiff's knowledge does not embrace a duty to *anticipate* that some *unspecified* member of the general

12

public will or may be negligent").

Serrano's alleged negligence, which consisted of drinking in excess and then walking on or near I-75, preceded the alleged negligence of the Prime driver. Although Serrano should have perceived a general danger from walking on the interstate at night, he had no way to perceive any specific negligence of the Prime driver. *Compare Holcomb v. Norfolk S. Ry. Co.*, 295 Ga. App. 821, 824 (2009)(applying the avoidable consequences doctrine where the plaintiff was hit by a train while attempting to cross railroad tracks although she had an unobstructed view of an approaching train) and *Fountain v. Thompson*, 252 Ga. 256, 257 (1984)("While [the victim] may have originally been negligent in falling drunkenly into the highway, such negligence is no bar to recovery where the defendant's negligence in failing to discover the victim's peril and avoid injury to him was greater."). Because Serrano could not have discerned defendant's alleged negligence ahead of time and adjusted his behavior accordingly, the avoidable consequences doctrine does not apply. *Fountain,* 252 Ga. at 257.

That is not to say that Serrano's negligence is irrelevant. It is highly relevant, but more appropriately considered within the framework of the comparative negligence rather than the avoidable consequences doctrine. *See Weston,* 304 Ga. App. at 87-88 (explaining the difference between the two doctrines). Under Georgia's

13

comparative negligence doctrine, a plaintiff's recovery of damages is reduced in proportion to his share of the negligence that caused his injury. *Id.* Recovery is precluded entirely if the plaintiff's negligence is equal to or greater than that of the defendant. *Id.* The jury will likely find that Serrano's negligent conduct contributed to his death, and it certainly would be authorized to find that Serrano's negligence was at least equal to that of the Prime driver. However, the evidence is not sufficiently "clear and palpable" for the Court to make that determination summarily. *Id.* (whether there is and the proportion of comparative negligence is ordinarily a jury question). *See also Mayo v. Old Dominion Freight Line, Inc.*, 302 Ga. App. 19, 22-23 (2009)("even presuming the decedent's original negligence" in walking along the highway intoxicated, "we cannot say as a matter of law that his negligence precludes the [plaintiff's] recovery, because a question of fact remains as to whether [the defendant's] negligence was greater").

### III. **PLAINTIFF'S NEGLIGENCE PER SE CLAIM**

In addition to the common law negligence claim, plaintiff asserts a claim for negligence per se citing O.C.G.A. § 40-6-93. That statute states that:

> Notwithstanding other provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, shall give warning by sounding his horn when necessary, and shall exercise proper precautions upon observing any child or any

14

AO 72A
(Rev.8/82)

obviously confused, incapacitated, or intoxicated person. O.C.G.A. § 40-6-93. This statute imposes on drivers the same duty of ordinary care toward pedestrians on the roadway that is owed to other drivers under the common law. *See Reed v. Dixon*, 153 Ga. App. 604, 604-05 (1980)("'The legal requisite of the motorist as to parties on the street or highway, whether in other vehicles or as pedestrians, and whether child or adult, is the exercise of ordinary care.'") and *Hughes v. Brown*, 111 Ga. App. 676, 682 (1965) (the statute "imposes no greater duty on the defendant than does the common law"). For the reasons discussed above, there is a genuine issue of fact as to whether defendant breached the duty to Serrano that is applicable under O.C.G.A. § 40-6-93.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** defendant's Motion for Summary Judgment [22].

SO ORDERED, this 12th day of JUNE, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

15